IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACK WALKER,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>300 SOUTH MAIN, LLC, a Utah limited liability company,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING AS MOOT DEFENDANT'S RULE 56(f) MOTION AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:05-CV-442 TS |

　　This matter is before the Court on Plaintiff's Motion for Summary Judgment and Defendant's Rule 56(f) Motion.

　　Plaintiff seeks a declaratory judgment that the property adjoining his Moab, Utah property is subject to express written or oral easements of ingress, egress, and parking,

1

or, that such easements were created by prescription or by estoppel.[1]  Defendant counterclaimed seeking relief, including quiet title.[2]

Plaintiff seeks summary judgment on his claim seeking a declaration that there is an easement.[3] Defendant responds with an opposition and, in the alternative, a Rule 56(f) Motion to extend the time to answer to allow further discovery.[4]

In support of his summary judgment motion, Plaintiff relies on the affidavit of a former president of the company that owned Defendant's property at the time the easement was allegedly created.[5]  In its Rule 56(f) Motion, Defendant requests additional discovery.  Defendant seeks to depose the affiant to ascertain such information as the foundation for the affiant's claimed "understanding" of the existence of the alleged easement and the affiant's position on the exact location of the alleged easement.[6]

Defendant has properly supported its Rule 56(f) motion and ordinarily it would be granted and the time re-set for responding to Plaintiff's Motion.  But, although it appeared

---

[1] Docket No. 3, Amended Complaint at ¶ 22, 23, and 34.

[2] Docket No. 23, Answer and Counterclaim.

[3] Docket No. 28.

[4] Docket No. 31.

[5] Docket No. 29, Attachment 4.

[6] Docket No. 41, at 7-8.

that Plaintiff had fully briefed his Motion,[7] he now moves to withdraw the affidavit at issue,[8] moves to amend his pleadings,[9] and files a "supplemental" summary judgment memorandum arguing a new theory of the case.[10]

Having reviewed those recent filings, the Court notes they concede that the easement is not as described by the legal description. Instead, Plaintiff now claims an easement only through those portions of the property where the building is not located. Defendant has not had an opportunity to respond to the Motion to Amend Pleadings or to address the new theory contained therein.

The Court finds that Plaintiff's new filings render the Rule 56(f) Motion and the Motion for Summary Judgment moot because those Motions address theories that are now withdrawn or changed. Therefore, the Court will deny the Motions without further briefing. The deadline for dispositive motion filing is October 6, 2006. There is sufficient time to file additional motions by either party after the Motion to Amend is resolved. It is therefore

ORDERED that Defendant's Rule 56(f) Motion (Docket No. 31) is DENIED AS MOOT. It is further

---

[7] Docket No. 40 (Plaintiff's Reply Memorandum in Support of Motion for Summary Judgment and Opposition to Rule 56(f) Relief).

[8] Docket No. 56.

[9] Docket No. 58.

[10] Docket No. 57.

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 28) is DENIED AS MOOT.

DATED June 19, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge