IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACK WALKER,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>300 SOUTH MAIN, LLC, a Utah limited liability company,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIMS, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br><br><br>Case No. 2:05-CV-442 TS |

This matter is before the Court on three Motions for Summary Judgment. Plaintiff seeks declaratory judgment that the property adjoining his Moab, Utah property is subject to express written or oral easements of ingress, egress, and parking. Plaintiff further seeks

summary judgment on his claim seeking a declaration that there is an easement.[1]  The Court has considered all memoranda and materials filed in connection with the Motions.

The Court finds that there are material issues of fact on Plaintiff''s claim of a prescriptive easement, an express easement and an easement by estoppel.  Therefore, the Motions for Summary judgment on those issues will be denied.

Regarding Plaintiff's Motion for Summary Judgment on Defendant's counterclaims for Slander of Title and Intentional Interference, the standard for summary judgment is well known:

> We view the evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party, and will affirm a grant of summary judgment only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2]
>
> "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."[3]

The undisputed facts relevant to the counterclaims are as follows: There is a parcel of land located in Moab, Utah, described as 300 South Main (the property).  Plaintiff filed a Special Warranty Deed for an easement on the property in 1969.  Sometime after 1969, the property was conveyed to Zions Bank.  Near the end of 2003, Zions Bank conveyed

---

[1] Docket No. 28.

[2] *Roberts v. Barreras,* __ F.3d ___, 2007 WL 1113956, *3 (10th Cir. 2007) (quoting Fed.R.Civ.P. 56(c)).

[3] *Bartell v. Aurora Pub. Sch.,* 263 F.3d 1143, 1146 (10th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

the property to Kandi and Stanley Shaffran. On or about December 30, 2003, the Shaffrans conveyed the property to Defendant, 300 South Main, a Utah limited liability company, of which Mr. Shaffran is a principal. In 2005, Defendant's representatives met with Plaintiff and presented a proposed site plan for a proposed remodeling of the existing building on the property for the purpose of developing the property. During the meeting, Plaintiff asserted an easement on the property per the deed. Shortly thereafter, Plaintiff asserted that easement in one or more meetings with Moab City and opposed approval of Defendant's proposed site plan. In December 2004, Plaintiff obtained the signature of the president of the former owner of the property (Mr. Nightingale) on an Affidavit (2004 Affidavit) that Plaintiff presented to Moab City. The 2004 Affidavit supported Plaintiff's claim of an easement. This action was filed on May 18, 2005, seeking declaratory relief regarding Plaintiff's claim of easement. Defendants filed their Counterclaim on July 5, 2005. Sometime after this case was filed, Mr. Nightingale has stated that his 2004 Affidavit was not correct and Defendant has submitted a new Affidavit from Mr. Nightingale (2005 Affidavit). The Complaint and Counterclaim have been amended, but the main issue remains Plaintiff's claim of an easement over the property.

The Court finds that there are no material issues of fact on Defendant's Counterclaim and that Plaintiff has shown that it is entitled to judgment as a matter of law on the undisputed facts set forth above.

Defendant's slander of title claim alleges that the following constitute slander of title: Plaintiff's filing of a Special Warranty Deed in 1969; Plaintiff's assertion to the Defendant and to Moab City that the Special Warranty Deed is an easement over the property; and

maintaining this action. Plaintiff seeks summary judgment on this claim on the grounds that it is barred by the statute of limitations, there is no showing the Plaintiff acted with malice, and that Defendant cannot prove actual damages.

"To prove slander of title, a claimant must [show] that (1) there was a publication of a slanderous statement disparaging [the] claimant's title, (2) the statement was false, (3) the statement was made with malice, and (4) the statement caused actual or special damages."[4] "A slanderous statement is one that is derogatory or injurious to the legal validity of an owner's title or his or her right to sell or hypothecate the property . . . "[5]

The Court finds the statute of limitations argument is dispositive. Defendant contends that the statute of limitations has not run based on the following statement from *Valley Colour, Inc. v. Beuchert Builders*.[6]

> This court has never addressed the requirements to trigger the running of the statute of limitations in a slander of title action. However, we have stated that "a cause of action accrues 'upon the happening of the last event necessary to complete the cause of action.'" "The true test in determining when a cause of action arises or accrues is to establish the time when the plaintiff could have first maintained the action to a successful conclusion." 51 Am.Jur.2d Limitation of Actions § 107 (1970).
> The time when Valley Colour could have first "maintained the action to a successful conclusion" was after the sale of the property by Central Bank, when it first became able to demonstrate special damages.[7]

---

[4]*Spencer v. Pleasant View City*, 80 P.3d 546, 552 (Utah App. 2003) (quoting *First Sec. Bank of Utah v. Banberry Crossing*, 780 P.2d 1253, 1256-57 (Utah 1989)).

[5]*Banberry Crossing,* 780 P.2d at (quoting *Bass v. Planned Mgmt. Serv., Inc.*, 761 P.2d 566, 568 (Utah 1988)).

[6]944 P.2d 361, 364 (Utah 1997).

[7]*Id.* (quoting *Berenda v. Langford*, 914 P.2d 45, 50 (Utah 1996) (quoting *Myers v. McDonald*, 635 P.2d 84, 86 (Utah 1981)).

In *Valley Colour*, the Plaintiff owned the property at the time of the filing of the mechanics lien at issue, but the Plaintiff's cause of action for slander of title did not accrue until the bank foreclosed its interest and liquidated its claim by reselling the property. In this case, the property was conveyed to Zions Bank, then triggering the statute of limitations. Defendant has not met its burden of showing an issue of fact that the Zions Bank conveyance was within the two-year limitations period. A new statute of limitations did not accrue each time the property was reconveyed with the disputed deed in the recorded chain of title.[8] Further, under Defendant's reading of *Valley Colour*, the slander of title claim would be premature, because Plaintiff has only shown an arguable "lost profit" claim based on its claim of the value of the profits it would have made had the zoning permits not been challenged on the basis of the easement. This is not special or liquidated damages under *Valley Colour*, which would not be liquidated until there were a sale. Finally, the Court finds that as a matter of law, asserting a claimed easement in disputed zoning proceedings before Moab City, whether by submission of the disputed Affidavit or letters from counsel, or in person, is not sufficient to establish the requisite malice for a slander of title claim.

---

[8] *See* 50 Am.Jur.2d Libel and Slander § 541 (2007) (stating that where an action for slander of title "is predicated on the execution and filing of false instructions affecting the plaintiff's title, the statute of limitations commences when the instruments are executed and filed and not when the false statements are communicated to a prospective purchaser.")

Plaintiff seeks summary judgment on the counterclaim for intentional interference with prospective business advantage because Defendant has not shown that Plaintiff used improper means.

> In order to recover damages [for intentional interference with prospective economic relations], the plaintiff must prove (1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) for an improper purpose or by improper means, (3) causing injury to the plaintiff. Privilege is an affirmative defense which does not become an issue unless the acts charged would be tortious on the part of an unprivileged defendant.[9]

The only evidence proffered to support the claim of acting for an improper purpose is the assertion that Plaintiff slandered its title, discussed above. The only evidence offered that Plaintiff acted by improper means is that Plaintiff asserted his 37-year-old deed as the basis of his claim of an easement in his opposition to Defendant's requested permit and in filing this case. There is no evidence in opposing the zoning request, that Plaintiff was motivated by anything other than a desire to achieve the denial of the zoning request. Accordingly, Plaintiff has shown that it is entitled to immunity from a claim of intentional interference arising from his activity in communicating with the City in opposition to that zoning request.[10] The Court finds that there are no disputed issues of material fact that Plaintiff acted by improper means or for an improper purpose. Accordingly, the Court will

---

[9] *Leigh Furniture and Carpet Co. v. Isom*, 657 P.2d 293, 304 (Utah 1982) (quoting *Top Serv. Body Shop, Inc. v. Allstate Ins. Co.*, 582 P.2d 1365, 1371 (Oregon 1978)).

[10] *Anderson Dev. Co. v. Tobias*, 116 P.3d 323, 332-33 (Utah 2005) (holding that First Amendment protects political activity against tort claims unless the alleged tortfeasors' activities were a "sham" not "genuinely aimed at procuring favorable governmental action at all.") (quoting *City of Columbia v. Omni Outdoor Adver., Inc.*, 499 U.S. 380 (1991)).

6

grant the Motion for Partial Summary Judgment on Defendant's Counterclaims. It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 71) is DENIED. It is further

ORDERED that Plaintiff's Motion for Partial Summary Judgment on his claims for express oral easement and a prescriptive easement (Docket No. 78) is DENIED. It is further

ORDERED that Plaintiff's Motion for Summary Judgment on Defendant's counterclaims for Slander of Title and Intentional Interference (Docket No. 84) is GRANTED and Plaintiff shall have judgment in his favor of those claims. Entry of judgment on those claims will enter at the end of this case as part of the final judgment.

DATED April 20, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge