IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACK WALKER,<br><br>    Plaintiff,<br><br>vs.<br><br>300 SOUTH MAIN, LLC, a Utah limited liability company,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING COUNTER-CLAIMANT'S RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT AND CONTINUANCE OF TRIAL DATE<br><br>Case No. 2:05-CV-442 TS |

Defendant seeks to set aside the Court's grant of summary judgment on its counterclaim for slander of title[1] under Rule 60(b)[2] on the ground that the Court erred in finding that the statute of limitations had run. Defendant does not challenge the Court's

---

[1] Docket No. 131, April 20, 2007 Memorandum Decision and Order Granting Plaintiff' Motion for Partial Summary Judgment on Defendant's Counterclaims, Denying Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment (Summary Judgment Order).

[2] Fed.R.Civ.P. 60(b).

1

grant of summary judgment on its counterclaim alleging intentional interference with a prospective business advantage.

Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party when "the judge has made a substantive mistake of law or fact in the final judgment or order."[3]

In its Summary Judgment Order, the Court held the conveyance to Zions Bank triggered the statute of limitations and "Defendant ha[d] not met its burden of showing an issue of fact that the Zions Bank conveyance was within the two-year limitations period."[4] The Court also found Defendant had not shown issues of fact on two required elements of a slander of title claim—special or liquidated damages and malice.[5]

Defendant contends that the Court's Summary Judgment Order was based upon a "mistake of fact, perhaps because the parties' briefing might not have been particularly clear on the subject of the chain of title."[6] Defendant now contends that there were no conveyances of the property between 1961 and 2003.[7] In support, Defendant submits the new Declaration of an officer of a title company (Anderson Declaration) that states that after the 1961 conveyance there is "no recorded conveyance document" conveying the

---

[3] *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996).

[4] Summary Judgment Order, at 5.

[5] *Id.*

[6] Docket No. 134, Mem. in Support of Rule 60(b) Motion.

[7] *Id.* at 3.

property prior to its conveyance in 2003.[8]  In his Declaration, Mr. Anderson also states that his "understanding" is that the property was transferred through ownership of the various banks through bulk asset purchases.[9]

Plaintiff contends that the evidence in the summary judgment motions was that Mr. Nightingale, an officer of the banks, purchased the property in 1970.  Therefore, Plaintiff argues that there is no mistake of fact.[10]  Plaintiff further contends that the fact that no conveyances were recorded does not change the date of any conveyance for the purpose of the running of the statute of limitations.  Plaintiff further argues that the other two bases of the Court's ruling—that Defendant had not shown issues of fact on the damages and malice elements—are an independent basis for the grant of summary judgment on the slander of title counterclaim.

The record is not clear regarding the dates of property transfers.  There may be some confusion on the issue of whether Mr. Nightingale purchased the property or whether his testimony that he did so referred to a corporate bulk sale.  There is no evidence from Mr. Nightingale other than the materials relied upon by the Court in the Summary Judgment Order. Defendant now argues that a recorded conveyance is necessary to start the statute of limitations.  Plaintiff argues that any purchase, regardless of recording, was sufficient to start of the statute of limitations.

---

[8] *Id.*, Ex. 1 Anderson Declaration, at ¶¶ 8 through 12.

[9] *Id.* at ¶ 12.

[10] Docket No. 140, Def.'s Mem. in Opp. at 3-5 (citing Anderson's earlier Affidavit at 12).

However, the Court need not rule on Defendant's argument regarding the statute of limitations issue. Instead, the Court finds that Defendant has not shown any mistake of law or fact on the Court's rulings regarding the failure to show a material issue of fact on the issues of damages or malice.  As the Court stated in its Summary Judgment Order:

> "To prove slander of title, a claimant must [show] that (1) there was a publication of a slanderous statement disparaging [the] claimant's title, (2) the statement was false, (3) the statement was made with malice, and (4) the statement caused actual or special damages."[11]

Defendant merely reargues its previous position and evidence on damages and malice.  For the reasons stated in the Summary Judgment Order, those arguments are insufficient to show the requisite damages or malice.[12]  Defendant did not own the property in 1969 when Plaintiff filed the deed regarding the easement at issue.  Instead, Defendant purchased the property long after the 1969 recording.  Thus, Defendant has not shown that Plaintiff's act of recording the deed in 1969 may, by itself, constitute the requisite malice as to *Plaintiff's* title.[13]  As to the other acts proffered to show malice, the first, is obtaining an affidavit for the purpose of communicating his opposition, based on the alleged easement, to the zoning request Defendant filed with Moab City.  For the reasons stated

---

[11] *Spencer v. Pleasant View City*, 80 P.3d 546, 552 (Utah App. 2003) (quoting *First Sec. Bank of Utah v. Banberry Crossing*, 780 P.2d 1253, 1256-57 (Utah 1989)).

[12] Summary Judgment Order, at 5.

[13] *C.f. Jack B. Parson Companies v. Nield*, 751 P.2d 1131, 1134-35 (Utah 1988) (finding elements of slander of title claim not present where, among other reasons, the plaintiff did not prove it was specifically injured by the recording because it was done before the plaintiff owned the property and, therefore, "before it was prejudicial to [plaintiff's] interest").

in the Summary Judgment Order, this act is subject to First Amendment protections.[14] The other acts, filing and prosecuting this action, are subject to the judicial proceeding privilege.[15]

Defendant's Motion also seeks to continue the trial for the purpose of allowing them to prepare their slander of title claim for trial. The Court finds that the request is now moot. Based upon the foregoing, it is therefore

ORDERED that Defendant and Counterclaimant's Rule 60(b) Motion for Relief From Summary Judgment and for Continuance of Trial (Docket No. 133) is DENIED. Trial will proceed as scheduled on October 22, 2007.

DATED September 4, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[14] Summary Judgment Order, at 6 (relying on *Anderson Dev. Co. v. Tobias*, 116 P.3d 323, 332-33 (Utah 2005)).

[15] *Krouse v. Bower*, 20 P.3d 895, 898 (Utah 2001) (quoting Debry and Godbe, 992 P.2d 979, 983 (Utah 1999) ("To establish the judicial proceeding privilege, the statements must be (1) made during or in the course of a judicial proceeding; (2) have some reference to the subject matter of the proceeding; and (3) be made by someone acting in the capacity of . . . , witness, litigant, or counsel.")).