IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACK WALKER,<br><br>　　Plaintiff,<br><br>vs.<br><br>300 SOUTH MAIN, LLC, a Utah limited liability company,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION RE: ISSUES OF LAW CONCERNING PRESCRIPTIVE EASEMENTS<br><br><br>Case No. 2:05-CV-442 TS |

　　The parties have filed Memoranda and Responsive Memoranda seeking rulings in advance of trial. Those Memoranda generally show that the legal theories advanced depend upon the facts adduced at trial.

　　Plaintiff specifically requests a ruling that the law as stated in the case *Orton v. Carter*[1] be applied at trial. *Orton* involves a once mutually permissive easement that ripened into a prescriptive easement.[2] Defendant contends that *Orton* is distinguishable

---

[1] 970 P.2d 1254 (Utah 1998).

[2] *Id.* at 1258-60.

and proffers additional case law that it contends is more applicable. Under the Utah law applicable to this diversity case, *Orton* is viable precedent. Whether it applies depends upon the disputed facts.

Defendant seeks a ruling as a matter of law on the issues of express written easement, merger, and marketable record title. Plaintiff opposes the request on the ground that there are issues of fact on the express written easement and that claims of merger and marketable record title were waived because they were not pleaded as affirmative defenses.

As the Court previously ruled, there are disputed issues of fact on the claims of express easement and express written easement. The Court finds that the claim of merger was argued in the summary judgment motions and therefore was not waived. The merger doctrine involves issues of fact for trial. There was no timely pleading or arguing of any express claim under the Marketable Record Title Act prior to the current pretrial arguments. However, it appears to be implicit in the counterclaim for quiet title. It is prejudicial to Plaintiff to allow this theory on the eve of trial. However, the Court finds that it is not unduly prejudicial to Plaintiff because the Utah Marketable Record Title Act provides that it is subject to several exceptions, including "all interests preserved by the filing of proper notice or by possession by the same owner continuously for a period of 40 years or more" and "the rights of any person rising from prescriptive use or a period of adverse possession or user, which was in whole or part subsequent to the effective date of the root of title."[3]

---

[3] Utah Code Ann. § 57-9-2(2) and (3); *see also* § 57-9-4.

Thus, if Plaintiff prevails on his theories at trial, he would have also prevailed against a claim under the Utah Marketable Record Title Act.

Defendant also contends that there should not be a jury trial because the Plaintiff's jury demand was filed in connection with the now-dismissed counterclaims. Plaintiff contends that there are two remaining counterclaims and argues that its jury demand was timely as it was filed in its Answer to the Counterclaim. Plaintiff also contends that its case cover sheet is an effective jury demand.

The Court finds that the jury demand was not filed until the Answer to counterclaim, when Plaintiff requested a "trial by jury on issues so triable."[4] There are two remaining counterclaims for trial, but Plaintiff has moved for judgment as a matter of law on those two remaining counterclaims.

The Court finds that the jury demand was noted on the cover sheet.[5] Such a case cover sheet can serve as the jury demand if it is served upon the Defendant.[6]

"Rule 39(b) permits the district court, in its discretion, to order a jury trial notwithstanding the moving party's failure to make a timely jury demand."[7] The initial Rule 16 Scheduling Order and the trial notice have stated that there would be a jury trial. Under these circumstances, the Court finds no prejudice to Defendant. Therefore, even if the

---

[4] Docket No. 25.

[5] Docket No. 1.

[6] *Wright v. Lewis*, 76 F.3d 57, 59 (2nd Cir. 1996).

[7] *Carlsen v. Duron.* 2000 WL 1205822, *4 (10th Cir. 2000).

case cover sheet were not served with the Complaint, the Court finds that where Defendant had notice of the setting of this case as a jury trial from the Scheduling Order forward, that a jury trial should be had.   However, it is not clear if the parties are in agreement that all of the claims and counterclaims present issues triable by jury.

It is therefore

ORDERED that the Plaintiff's Motion Re: Issues of Law Concerning Prescriptive Easement is GRANTED in part and the Court will apply Utah law, including but not limited to the *Orton* case, to this diversity case.   It is further

ORDERED that no later than Monday, October 15, 2007 the parties shall submit simultaneous briefs on their positions regarding issues properly triable by jury.

DATED October 10, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge