IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACK WALKER,<br><br>    Plaintiff,<br><br>vs.<br><br>300 SOUTH MAIN, LLC, a Utah Limited Liability company,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTIONS IN LIMINE<br><br><br><br>Case No. 2:05-CV-442 TS |

Before the Court are two Motions in Limine filed by Defendant.

    I.    DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EXHIBITS

Defendant seeks to exclude Plaintiff's Exhibit No. 14[1] on the ground of attorney client privilege. Exhibit No. 14 is a fax cover sheet from one of Defendant's principal's to its counsel and contains a note referring to a title company. Defendant argues that the document is privileged, was an isolated disclosure, provides no substantive evidence, relates only to a procedural issues, and is irrelevant.

---

[1] The Court refers to the exhibits by their number as listed on the most recent exhibit list.

1

Plaintiff contends that the privilege was waived, that the time taken to rectify the error weighs in favor of waiver, and that the document is relevant to impeachment of a witness on the issue of bias.

The standard applicable in a diversity case to a claim of inadvertent disclosure of privileged material is set forth in *Lifewise Master Funding v. Telebank*,[2] applying the standard for set in the case *Gold Standard, Inc. v. American Barrick Resources*,[3]

> [In a diversity case] Utah law governs the issue of whether the documents are privileged. . . . Utah law, Rule 507(a), Utah R. Evid. expressly recognizes a waiver of a privilege where the person holding the privilege "fails to take reasonable precautions against inadvertent disclosure." In a case prior to the adoption of Rule 507, U.R.E., the court discussed inadvertent disclosure as a waiver of the work product doctrine [In *Gold Standard*, the court] said five elements were to be evaluated in determining whether a waiver had occurred by inadvertent disclosure:
>
>> 1) the reasonableness of the precautions to prevent inadvertent disclosure; 2) the time taken to rectify the error; 3) the scope of the discovery; 4) the extent of the disclosure; and 5) the "overreaching issue of fairness."[4]

Defendant, as the privilege claimant, has "the burden of proof to establish the Attorney/Client privilege" as well as "the burden to show the privilege was not waived."[5]

---

[2] 206 F.R.D. 298 (D. Utah 2002).

[3] 805 P.2d 164 (Utah 1990).

[4] 206 F.R.D. at 303 (quoting *Gold Standard*, 805 P.2d 164) and distinguishing *United States v. Ryan*, 903 F.2d 731, 741 n. 13 (10th Cir. 1990) because Utah privilege law applies.

[5] *Id.*

Applying this standard, the Court finds that the communication is privileged but that the privilege was waived. The Court will reserve ruling on whether Exhibit 14 is relevant and will rule on relevance in the context of trial.

Defendant also seeks to exclude Plaintiff's Exhibit Nos. 15, 16, and 47[6] on the grounds of authenticity because they are not signed and, therefore, are not originals. Plaintiff proffers that they are original documents that have been maintained in his real estate files for approximately 40 years. He argues that they are authenticated under Fed. R. Evid. 901(b)(8).

> Documents are authenticated by evidence "sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). Federal Rule of Evidence 901(b)(8) identifies the means by which "ancient documents" are authenticated. An ancient document should be (A) in such condition as to create no suspicion concerning its authenticity; (B) in a place where it, if authentic, would likely be; and (C) in existence twenty years or more at the time it is offered. Fed. R. Evid. 901(b)(8).[7]

"Although Rule 901(b)(8) requires that the document be free of suspicion, that suspicion goes not to the content of the document, but rather to whether the document is what it purports to be."[8]

> Questions as to the documents' content and completeness bear upon the weight to be accorded the evidence and do not affect the threshold question

---

[6] Defendant also objected to Plaintiff's Exhibit No. 79, but Plaintiff has now withdrawn that exhibit.

[7] *United States v. Firishchak*, 468 F.3d 1015, 1021-22 (7th Cir. 2006) (citations partially omitted) (noting that document authenticated under ancient documents rule need not also meet the requirements of the independent business records exception).

[8] *United States v. Mandycz*, 447 F.3d 951, 966 (6th Cir. 2006) (quoting *United States v. Demjanjuk*, 367 F.3d 623, 630 (6th Cir. 2004)).

of authenticity. The determination that a set of documents are, indeed, prima facie authentic in no way precludes counsel from challenging the content of the documents or from arguing that missing documents subject the contents to a different interpretation."[9]

"The authenticity inquiry, then, turns on 'whether the document is what it purports to be,' not its veracity."[10]

The Court finds that a sufficient proffer has been made to authenticate Exhibit Nos. 15, 16, and 47 as ancient documents under Fed. R. Evid. 901((b)(8). Moreover, in addition to proffering the 901(b)(8) elements, Plaintiff as a person with relevant knowledge may testify that the documents are what they purport to be.[11]

## II. DEFENDANT'S MOTION IN LIMINE RE: EXPERT FRAZIER

Defendant objects to the testimony of Mr. Frazier on the ground that he lacks expertise, there is inadequate data and information to support his opinion, and relevance. Plaintiff contends that Mr. Frazier is qualified, that his opinion is reliable as based upon sufficient facts, and is relevant.

---

[9] *Kalamazoo River Study Group v. Menasha Corp.*, 228 F.3d 648, 661 (6th Cir. 2000) (quoting *Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1375-76 (3d Cir. 1991)).

[10] *Mandycz*, 447 F.3d at 956 (quoting *Demjanjuk*, 367 F.3d at 631).

[11] *See Martha Graham School and Dance Foundation, Inc. v. Martha Graham Center of Contemporary Dance, Inc.*, 380 F.3d 624, 643 (2d Cir. 2004) (admitting letters as ancient documents but also noting that where a witness with relevant knowledge testified that the letters were what they purported to be, the letters were exceptions to the hearsay rule under Fed. R. Evid. 803(16)).

The Court finds that Plaintiff has shown that Mr. Frazier is qualified and that his opinion is both reliable and relevant in that it will assist the trier of fact. Defendant may bring up all issues going to the weight of his testimony during their cross.

### III. ORDER

Based upon the foregoing, it is

ORDERED that Defendant's Motion in Limine to Exclude Exhibits (Docket No. 170) and Defendant's Motion in Limine re: Expert Testimony of Frazier (Docket No. 165) are DENIED.

DATED  October 22, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge