IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACK WALKER,<br><br>    Plaintiff,<br><br>vs.<br><br>300 SOUTH MAIN, LLC, a Utah Limited Liability company,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Case No. 2:05-CV-442 TS |

Shortly before trial Plaintiff filed the present Motion for Judgment on the Pleadings seeking Judgment on Defendant's second and third counterclaims.

A Rule 12(c) dismissal is considered "under the standard of review applicable to a Rule 12(b)(6) motion to dismiss."[1]

> So doing, we accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same. Judgment on the pleadings should not be granted "unless the moving party has clearly established that no material issue of fact remains to be resolved

---

[1]*Nelson v. State Farm Mut. Auto. Ins. Co*. 419 F.3d 1117, 1119 (10th Cir. 2005) (quoting *McHenry v. Utah Valley Hosp.,* 927 F.2d 1125, 1126 (10th Cir.1991)).

1

and the party is entitled to judgment as a matter of law." As with our practice for motions to dismiss under Rule 12(b)(6), documents attached to the pleadings are exhibits and are to be considered in our review . . . [2]

Plaintiff represents that in the course of preparing the Joint Pretrial Order that it discovered that there are no issues of fact regarding the second and third counterclaims. Plaintiff seeks judgment on the second counterclaim for declaratory relief regarding Defendant's written easement to the extent that Defendant is seeking to require that Plaintiff alter his property to create a new driveway to allow access for Defendant's customers. Defendant responds that the Motion is untimely and that it is not seeking a new driveway or other mandatory injunctive relief at this time.

Defendant's second counterclaim is for declaratory relief that it holds a valid, express parking, ingress, and egress easement over property along 300 South in Moab, Utah. Defendant's position in this counterclaim is apparently that it has a valid written easement over Plaintiff's property but that Plaintiff does not have a valid written easement for a reciprocal easement over its property. The property covered by the second counterclaim for declaratory judgment that it has a written easement is apparently a smaller portion of the larger property at issue in Plaintiff's claims and in Defendant's first and third amended counterclaims.[3]

---

[2]*Park University Enterprises, Inc. v. American Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir.2000)) (other citations omitted).

[3]Defendant defines one as "Claimed Property" and the other as the "Express Easement Property." *See* Amended Counterclaims ¶¶ 45 and 14-15.

The Court finds that the Motion for Judgment on the Pleadings should have been filed earlier but that both parties are responsible for the lack of clarity on the issue of the counterclaims.  Therefore the Court will allow the Motion.  Further, it appears that there is no issue of fact to be determined on the second counterclaim.

Plaintiff does not dispute that Defendant's written easement is valid.  Defendant's easement is "for the purpose of parking vehicles, or as a means of ingress and egress for vehicular traffic, of customers and patrons of the" Bank property–now Defendant's property.[4]  However, Plaintiff does dispute the availability of several forms of relief[5] under Defendant's easement.  Plaintiff contends that Defendant is now seeking or may seek such relief in the near future.

Defendant states in its opposition that its second counterclaim it is seeking only a declaration of the validity of its own written easement—a matter which is now conceded.  Defendant further states that in this action it is not seeking relief in the form of a new curb cut, or relief regarding the "rights and liabilities of the parties that may arise from the existence of the easement."[6]

Accordingly, there is no material issue of fact that remains to be resolved on the second counterclaim.  Although Plaintiff is the movant, its concession has entitled Defendant to judgment as a matter of law that Defendant's written easement exists.

---

[4]Def.'s Ex. B. pg. 2.

[5]*E.g.* Requiring a new driveway/entryway, moving the access from both properties to only Plaintiff's property, and/or changing the easement's historic use from exclusively parking to exclusively access.

[6]Def.'s Mem. at 5-6.

Plaintiff, in turn, has shown that he is entitled to dismissal of the second counterclaim to the extent that it involves any issue of the rights and liabilities of the parties under that written easement because there are no material issue of fact that can be resolved on those matters in this case.

The Court notes that in addition to Defendant's now-undisputed written express easement, this case involves two other express easements–Plaintiff's claimed express written easement and claimed express oral easement. The dismissal of the second counterclaim to the extent that it involves the rights and liabilities of the parties under Defendant's written easement appear to make it unnecessary to use the rather confusing terminology used in the briefing regarding "Express Easement Property" and "Express Easement."

Defendant's third counterclaim is, in the event it is determined that Plaintiff has a prescriptive easement over the Defendant's property, that (1) the prescriptive easement be limited to those portions that have actually been so used; (2) that Plaintiff has no claim beyond the property so actually used; and (3) that Defendant be granted a reciprocal prescriptive easement over the same property.

To the extent that Defendant claims the existence of its own prescriptive easement, Defendant, like Plaintiff, must establish the elements of that easement by preponderance of evidence based upon evidence of actual use during the claims prescriptive easement period. Any such claim of prescriptive easement will not include any issues of the parties' rights and liabilities under Defendant's express written easement–issues that are dismissed from this case by representation of Defendant.

For the reasons stated in the Memorandum Decision and Order on Jury Issues, the parties are directed to not present to the jury any argument or evidence on any proposed change to, modification of, or requested limitation of any prescriptive easement to the jury. Those issues will be argued to and decided by Court in the event that the Jury makes a finding that there a prescriptive easement. The jury will be presented only with the issues of fact regarding the existence of an easement under the various theories. It is therefore

ORDERED that Plaintiff's Motion for Judgment on the Pleadings on Defendant's second counterclaim (Docket No. 157) is GRANTED IN PART. Defendant is entitled to a judgment that its express written easement is valid. It is further

ORDERED that to the extent the second counterclaim seeks any determination of the rights and liabilities of the parties under Defendant's written easement, the second counterclaim is DISMISSED WITHOUT PREJUDICE. It is further

ORDERED that Plaintiff's Motion for Judgment on the Pleadings is DENIED (Docket No. 157) as to the third counterclaim.

DATED  October 22, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge