IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACK WALKER,<br><br>    Plaintiff,<br><br>vs.<br><br>300 SOUTH MAIN, LLC, a Utah Limited Liability company,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER ON JURY TRIAL ISSUES<br><br><br><br>Case No. 2:05-CV-442 TS |

The Court has ruled that Plaintiff made a timely jury demand but asked for briefing on the issue of which issues should be tried to the jury.

> We agree . . . that the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions. The federal policy favoring jury trials is of historic and continuing strength. Only through a holding that the jury trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be achieved. In diversity cases, of course, the substantive dimension of the claim asserted finds its source in state law, but the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law.[1]

\* \* \*

---

[1] *Simler v. Conner*, 372 U.S. 221, 222 (1963) (footnote and citations omitted).

1

> The fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action. The questions involved are traditional common-law issues which can be and should have been submitted to a jury under appropriate instructions . . .[2]

> Under well settled principles, when a plaintiff brings both legal and equitable claims in the same action, the Seventh Amendment right to jury trial on the legal claims must be preserved by trying those claims first (or at least simultaneously with the equitable claims), and the jury's findings on any common questions of fact must be applied when the court decides the equitable claims.

> We discussed the applicable principles at some length in *Ag Services of America, Inc. v. Nielsen*.  Following these principles in the instant case means that after the legal claim has been tried to a jury, any special findings favorable to plaintiff or a general verdict favorable to plaintiff will have to be analyzed by the trial judge to determine their impact, if any, on the plaintiff's equitable claim. This includes, as more fully discussed in *Nielsen*, giving due effect to any findings necessarily implicit in a general verdict, if the jury decides the legal claim in plaintiff's favor.[3]

The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . .." The common law referred to in the Seventh Amendment is that existing in 1791,[4] and that is the context in which the Court refers to common law herein.

---

[2]*Id*. at 223.

[3]*Colorado Visionary Academy v. Medtronic, Inc.*, 397 F.3d 867, 875 (10th Cir. 2005) (citing *Ag Services of America, Inc. v. Nielsen*, 231 F.3d 726, 730-31 (10th Cir. 2000)).

[4]*E.g.United States v. State of N. M.*, 642 F.2d 397, 400 (10th Cir. 1981) ("The question is whether in 1791, when the Seventh Amendment was adopted, a taxpayer would have been entitled to a jury trial . . . . Rights to jury trials existing at common law were preserved by that amendment. An historical analysis is required because the issue relates to a fundamental right, not some evolved procedural device.").

> Consistent with the [Seventh Amendment's] textual mandate that the jury right be preserved, our interpretation of the Amendment has been guided by historical analysis comprising two principal inquiries. "We ask, first, whether we are dealing with a cause of action that either was tried at law at the time of the founding or is at least analogous to one that was." "If the action in question belongs in the law category, we then ask whether the particular trial decision must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791."[5]

Case law on the issue of right to jury trial for prescriptive easements is split because there is some confusion on the "perplexing"[6] issue of whether at common law there was a right to jury trial on the existence of easements. The confusion results from the fact that easements are labeled equitable rights at common law, as a result of which they might be assumed to have been tried in courts of equity.[7] However, a more detailed analysis of the common law reveals that even through an easement is traditionally an equitable right, the issue of the existence of a disputed easement must first be established in an action at law. For example in an early Texas case involving Spanish land grants, *Lewis v. City of San Antonio*,[8] the Supreme Court of Texas traced the law of prescriptive easements at common law and found that at common law:

---

[5] *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708 (1999) (quoting *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376 (1996)).

[6] 9 C. Wright & a. Miller, Federal Practice and Procedure § 2302, at 1, (2007 Update) ("Determining which actions belonged to law and which to equity for the purpose of delimiting the jury trial right continues to be one of the most perplexing questions of trial administration.")

[7] E.g. *McGill v. Wahl*, 839 P.2d 393, 396 (Alaska 1992) (holding there was no right to a jury trial because a "claim for a prescriptive easement, like a claim for adverse possession, is in the nature of an equitable claim and was historically tried in the courts of equity.").

[8] 1851 WL 4059, *1, 7 Tex. 288 (Tex. 1851).

> [T]he long enjoyment of an easement was held to be a sufficient reason not only to authorize but to require the jury to presume a grant. And it has long been settled that the undisturbed enjoyment of an incorporeal right, affecting the lands of another for twenty years, the possession being adverse and unrebutted, imposes on the jury the duty to presume a grant; and, in all such cases, juries are so instructed by the court--not, however, because either the court or the jury believe the presumed grant to have been actually made, but because public policy and convenience require that long-continued possession should not be disturbed.[9]

Other Courts examining the common law have similarly found:

> Where the right to an easement is clear it need not be first established in an action at law, as a prerequisite to relief by injunction. Nevertheless, the question whether an easement exists in favor of one person against another is a purely legal one; and, subject to a limitation which will be hereafter considered in this section, if the right to an easement is in substantial dispute equity will not afford any relief until the right has been established in a court of law.[10]

This is true whether the form of the action seeking to establish the existence or non-existence of the easement is one for declaratory judgment[11] or quiet title.[12]  With these principles in mind, the Court turns to the issue of whether the following claims are legal or equitable under common law for purposes of the Seventh Amendment.

---

[9]*Id.* at *12.

[10]*Hollis v. Tomlinson*,  540 So.2d 51, 52 (Ala. 1989) (citing 28 CJS Easements, § 107(b) (1941), p. 790-91).  *Accord Frahm v. Briggs*, 12 Cal. App.3rd 441, 445-6 (Cal. App. 1970).

[11]*Simler*, 372 U.S. at 223 (holding that the "fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action.").

[12]*Arciero Ranches v. Meza,*  17 Cal.App.4th 114, 123-24 (Cal.App. 1993) (noting that prior to 1850, statutory expansion of the quiet title doctrine had yet to occur and therefore existence of an easement could not have been brought as a quiet title action) (citing 4 Pomeroy's Equity Jurisprudence (5th ed. 1941) § 1396, p. 1023)).

The Court finds that the claims of express written and oral easements are contract actions that require findings of fact by the jury.  The Court finds that claims of prescriptive easement and easement by estoppel require a determination on whether the easement exists, and therefore require a jury trial.

However, once the jury makes its findings on the existence of an easement, all issues regarding relief relating to an easement are equitable issues for the court.[13]

Defendant contends that Plaintiff's claim for express written easement and Defendant's defenses of marketable record title and merger are issues for the Court, because they involve interpretation of contracts.  However, it appears to the Court that they all involve issues of fact regarding Plaintiff's claimed written easement and prescriptive easement.  Therefore, it appears that they will be submitted to the jury, subject to revisiting the issue at the close of evidence.

SO ORDERED.

DATED  October 22, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[13] *Thompson v. Pendleton* 697 A.2d 56, 58-59 (Maine 1997) (collecting cases and holding that actions for reformation of and enforcement of easements are equitable claims properly tried to the court). *Accord* CJS Easements § 204 (June 2007).