IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACK WALKER,<br><br>    Plaintiff,<br><br>vs.<br><br>300 SOUTH MAIN, LLC,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER ON PROPOSED FORM OF JUDGMENT<br><br><br><br>Case No. 2:05-CV-442 TS |

Pursuant to the Court's Memorandum Decision and Order on Post Trial Issues, the parties were to prepare and submit a proposed form of judgment "incorporating the jury verdict and the Court's findings in the Memorandum Decision.[1]  Plaintiff first submitted a form of Judgment that did not include a legal description.[2]  Chambers staff contacted the parties with the Court's direction that it may be helpful for the proposed judgment to include a legal description of the real property involved.

---

[1] Docket No. 222, at 20 (Decision).

[2] This was emailed to the Court but was apparently not filed on the docket.

1

Eventually, Plaintiff notified the Court that the parties agreed on the legal description, but were unable to agree on the form of the judgment. The parties submit their respective proposed judgments.

There are three major differences between the parties' proposed judgments. First, Plaintiff's proposed form of judgment has as its "Exhibit A" an aerial photograph superimposed with a drawing of the existing parking stalls, entryways, and exits; and twice references the easements as "consistent with the historical parking configuration as set forth in" that exhibit. Defendant's proposed form does not contain the exhibit or the references to the historical parking configuration. Second, Plaintiff's proposed form describes Defendant's easement as an "express easement," while Defendant's proposed form describes its easement as a "written easement." Third, Defendant seeks to delay judgment pending resolution of costs.

Defendant contends that the aerial photograph should not be included as an exhibit because such a graphic cannot be abstracted. Plaintiff responds that aerials are routinely recorded and/or filed with recorder's offices in connection with surveys and other descriptions of property. Neither party provides any support for their respective positions regarding the feasibility of filing an aerial photograph with a recorder's office.

Defendant contends that inclusion of the aerial may result in a cloud on the title of the property because a right to continue the historical configuration of the parking was not part of the jury's verdict or the Court's Memorandum Decision. Plaintiff argues that the proposed exhibit should be included to prevent a subsequent demand by an owner of the

300 South Main property for access through the long narrow strip of Plaintiff's property[3] covered by Defendant's easement, a strip currently used for parking near the front of Plaintiff's store.

Regardless of whether the aerial photograph exhibit can be abstracted, the Court finds that its inclusion will be helpful to the final judgment resolving this case because, as noted in the Decision: "The extent of a prescriptive easement is measured and limited by the historic use of the dominant estate owner during the prescriptive period."[4] Accordingly, the judgment must reflect that historic use, unmodified by any practical considerations that might have seemed advisable in equity.[5]

In the present case, the historic use is for parking and for ingress and egress in connection with the existing parking configuration. As explained in the Decision, it is undisputed that the configuration and use of the parking lot has not changed since the lot was first designed and constructed.[6] Thus, the historic configuration of the parking lot, including its entryways and exits, are very relevant to the judgment. The historic use covers the use of the existing parking spaces, some of which are fully or partially on Defendant's property.[7] The historic use also covers the use of the current entryways and

---

[3]This narrow strip of Plaintiff's property runs along the west border of Defendant's property.

[4]Decision, at 15 n. 32 (quoting *Kunzler v. O'Dell*, 855 P.2d 270, 275 (Utah App. 1993).

[5]*Id.* (quoting *Kunzler*, 855 P.2d at 275).

[6]*Id*. at 15.

[7]*Id*. at 15-18

3

exits.  Two of the exits are on Defendant's property and one exits covers the entire southern side of the rectangular area.  The easement also covers the use of the rectangular area as egress and ingress for vehicles using the parking spaces currently located on the narrow strip.[8]  Because the historical use is relevant, the judgment will include in the description the right of ingress and egress by reference to the current entryways and exits as shown on Exhibit A as well as reference to the historical parking configuration.  Otherwise, it may appear that the judgment covers only ingress and egress for purposes of parking on the northern area of the jointly used parking lot.

However, the situation with Defendant's express written easement is different than Plaintiff's prescriptive easement.  The jury determined the issue submitted to it: finding that the express written easement does cover the current entryways, exits, and parking stalls on Plaintiff's property.  However, unlike the prescriptive easement, an express written easement is not strictly limited to such historic use.

Plaintiff argues that such reference to the historical parking configuration should be included to avoid a possible demand by a subsequent property owner of Defendant's property that the narrow strip be converted from use as parking to use for ingress and egress. It seems unlikely that a subsequent owner of Defendant's property would argue the narrow strip of Plaintiff's property be used solely for access instead of joint parking[9] because such a change would result in the loss of a number of jointly used parking spaces

---

[8]*Id*. at 18 (finding that only possible exit for several parking stalls is to back up onto Defendant's property and then exit across it).

[9]Defendant's express written easement covers access *and* parking. Def.'s Ex. A.

4

without gaining anything for the subsequent property owner and, because regardless of how the narrow strip is used the entire adjacent rectangle remains encumbered by Plaintiff's easement for ingress and egress.  Further, such a claim might be inconsistent with the historic use of Plaintiff's easement over the access rectangle, for ingress and egress from, among other areas, the parking spaces in the narrow strip.  Be that as it may, the issue of such a demand under the express written easement is not before the Court today.  Therefore, the judgment will not use the "historical configuration" modifying language for Defendant's express written easement.

Defendant objected generally to the inclusion of the aerial photograph but does not object to its accuracy.  The Court finds that the proposed attached exhibit is accurate except that it does not show one of the existing parking stalls.  As shown in Defendant's Ex. S,[10] there is a southernmost parking stall along the southwest parking strip, with a pointed border touching the sidewalk along 300 South.

In order to provide a clear exhibit of the historical configuration of the parking, ingress, and egress, Plaintiff will be directed to file a new proposed exhibit substantially in the same form as its prior proposed exhibit with two exceptions: First, the exhibit must clearly show the last parking space on the narrow strip.  Second, the exhibit must be identified only as "Ex. A," rather than retaining its identification sticker showing a trial exhibit number.

---

[10]Photographs identified as 300S 0141-42, 300S 0144-48.

On the parties' dispute over whether the judgment should state Defendant has an "express easement" or a "written easement," the Court notes that the jury found for Defendant on its claim of an "express written easement."[11]  The Judgment will reflect the jury's finding that Defendant has an express written easement.

On the issue of costs, "[o]rdinarily, the entry of judgment may not be delayed . . . in order to tax costs."[12]  Therefore, the judgment will not be delayed for the taxation of costs.

In conclusion, attached hereto is a copy of the Court's proposed judgment.  Parties may file any comment on the form of the proposed judgment no later than five days from the entry of this order.  It is therefore

ORDERED that within ten days of the entry of this Order, Plaintiff shall file a new Exhibit A in accordance with the foregoing.  It is further

ORDERED that comment on the attached form of judgment shall be filed no later than March 9, 2009.

DATED   March 6, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[11] Docket No. 205, at 16-17, Jury Instruction No. 13 (explaining concept of express written easement and setting forth elements necessary for jury to find in favor of either party on their claims for an express written easement).

[12] Fed. R. Civ. P. 58(e).