IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JACK WALKER,<br>Plaintiff,<br><br>vs.<br><br>300 SOUTH MAIN, LLC,<br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO ENTER JUDGMENT<br><br>Case No. 2:05-CV-442 TS |

The parties have submitted their comments on the form of judgment.

Plaintiff argues the judgment should limit Defendant's express written easement to the historical parking configuration. In support, Plaintiff cites *Dansie v. Hi-Country Estates Homeowners Ass.,*[1] for the proposition that the Court should look to the prior use of the express easement to determine its scope. *Dansie* involved a stipulated express easement based on a combination of written and oral statements by counsel. The trial court found the resulting stipulated express easement to be ambiguous. Because the terms were ambiguous, the Court of Appeals held the trial court correctly looked to the intent of the

[1] 92 P.3d 162 (Utah Ct. App. 2004).

parties as shown by their prior use of the easement.[2] Here, unlike *Dansie*, the express easement is entirely written and that writing is not ambiguous. Therefore, there is no reason to look to prior use to interpret the express written easement.

Defendant has no objection to the new exhibit showing all of the parking spaces—but reserves its objection to attaching the exhibit to the judgment.

The Court finds Plaintiff is the prevailing party for purposes of taxation of costs under 28 U.S.C. § 1920, upon submission of a bill of costs. It is therefore

ORDERED that Plaintiff's Motion for Entry of Judgment (Docket No. 229) is GRANTED.

DATED March 23rd, 2009.

BY THE COURT:

TED STEWART
United States District Judge

[2] *Id.* at 165-66.