IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACK WALKER,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br><br>300 SOUTH MAIN, LLC,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING 300 SOUTH MAIN'S MOTION FOR JUDGMENT AS A MATTER OF LAW<br><br><br><br><br><br>Case No. 2:05-CV-442 TS |

300 South Main renews its Motion for Judgment as a Matter of Law. In the alternative, it seeks a new trial.  The Motion for Judgment as a Matter of Law was made and denied on the record at the end of Walker's evidence at trial.  300 South Main candidly admits that, with the exception of one new issue, all the matters raised in the present Motion are subject to the Court's prior orders.  300 South Main brings the present Motion to ensure that those issues are not waived for appeal purposes and, for those issues, largely relies on and incorporates its previous briefing and arguments.  The one new issue raised is the admissibility of impeachment evidence for two witnesses.

Walker opposes the Motion on the ground that 300 South Main has not shown grounds for judgment as a Matter of Law or for a New Trial because all but one issue have been previously determined. Walker asserts this Motion is vexatious and seeks an award of attorney fees. Walker opposes the Motion for a New Trial on the sole new issue.

On all issues other than the sole new issue, the Court finds that they have been the subject of the Court's prior rulings. For the reasons stated in those rulings, the Motion for Judgment as a Matter of Law or for a New Trial will be denied.

300 South Main's new issue involves the impeachment of two related witnesses. 300 South Main argues that it is entitled to a new trial because the Court allowed impeachment evidence of the witnesses' connection to the title insurer providing its defense at trial, without allowing its non-insurance counsel to also question the witnesses and establish the limits of the insurance policy. 300 South Main argues that the interests of the insured and the insurance company diverged at trail because only some of Walker's claims were covered by the title insurance policy. 300 South Main argues that it was prevented from presenting evidence of the limitations because insurance-appointed counsel questioned the witness and the Court had instructed counsel at the beginning of the trial that only one attorney should examine each witness.

Walker argues that the impeachment evidence was proper as directly related to the credibility and bias of the witness. Walker argues that 300 South Main never requested that non-insurance counsel be allowed to also examine the witness and, therefore, has waived the issue. Walker further argues that any mistake or failure by 300 South Main's own counsel, insurance-appointed or not, is not a grounds for a new trial. Finally, Walker

argues that there was no prejudice to 300 South Main because the witnesses at issue testified in support of the claim on which 300 South Main prevailed at trial.

The Court finds as follows: At trial, 300 South Main presented the testimony of the two individuals who performed the title insurance work. The first individual was the Title Company's President and co-owner. The second was Mr. Anderson, the other co-owner. It was Mr. Anderson who made the decision to not include in the title report a document recorded by Walker.

Prior to either testifying, the parties sought a ruling on the admissibility of certain impeachment evidence relating to these witness. Walker sought to introduce evidence that 300 South Main had already made a claim under the title insurance related to the decision not to include the document in the title report and that, if Walker prevailed at trial, the underwriter would seek indemnity from the title company owned by the witnesses. 300 South Main argued that no evidence on the fact of insurance should be presented before the jury, and argued that the title insurance commitment should be presented as a title report.

The Court ruled that the testimony could be admissible Fed. R. Evid. 411 for the purpose of establishing bias or prejudice. The Court further ruled that whether it would be admissible as impeachment on cross examination would be determined by whether the jury was already informed during the witnesses' direct examination of (1) the fact of insurance and (2) that it was the witnesses who provided the title insurance. If those things had already been established in the jury's mind, the Court would allow the impeachment. At

the time of this ruling, 300 South Main did not seek to have non-insurance counsel be able to examine the witness in the event that impeachment on the title insurance was allowed.

Immediately upon examining the first witness, 300 South Main's insurance-appointed counsel established that the witness co-owned the company, introduced Ex. 39, the "commitment for title insurance" in this matter;[1] and clarified that the exhibit was an accurate copy of the "commitment for title insurance that was issued to [300 South Main's owners]"[2]

When the second title company witness, Mr. Anderson, took the stand, 300 South Main's counsel elicited that he was a co-owner and employee of the title company. He then qualified Mr. Anderson as an expert in "title insurance research, title document review and title insurance matters,"[3] questioned him extensively about Ex. 39, the "commitment for title insurance,"[4] and his joint decision with Stewart Title, "the underwriters" to exclude Walker's deed from the commitment for title insurance.[5]

There was a break between 300 South Main's examination of Mr. Anderson and Walker's cross-examination. After the jury had left the courtroom, the Court ruled:

---

[1] Tr. at 488.

[2] *Id*. at 489.

[3] *Id*. at 506.

[4] *E.g.*, *id*, at 509, 521.

[5] *Id*. at 522-23.

> In light of the fact that Exhibit 39 has been admitted, in light of the fact that Mr. Anderson is here as an expert, I will allow you[r] cross-examination to establish his bias and prejudice in what ever way you think is appropriate.[6]

Knowing that the impeachment evidence would be introduced, neither of 300 South Main's counsel requested that its non-insurance counsel also be allowed to examine the witness regarding any limitations on the coverage of the insurance that its counsel had just discussed with the witnesses.  After the cross-examination containing the attempted impeachment was concluded, 300 South Main's insurance-appointed counsel conducted a brief re-direct examination.  Again, there was no request for re-direct by non-insurance counsel.

The Court finds that the evidence of the witnesses' ownership of the title company and their company's potential liability if Walker prevailed at trial was properly admissible for the purpose of showing the witnesses' possible bias and prejudice.  The Court further finds that 300 South Main failed to request permission for its non-insurance counsel to question the witnesses regarding any limitations on such potential liability, despite several opportunities to do so.  300 South Main waived the issue when it made the strategic decision at trial to not request the opportunity for co-counsel to also question the witnesses on the limitations of the insurance.

The Court finds that the present Motion is not frivolous or entirely without merit.  The Court finds that the present Motion is not vexatious within the meaning of 28 U.S.C. §1927.  Therefore, no attorney fees will be awarded.  It is therefore

---

[6] *Id*. at 539-40.

ORDERED that 300 South Main's Motion for Judgment as a Matter of Law, or for a New Trial (Docket Nos. 250 and 252) is DENIED.  It is further

ORDERED that Walker's request for attorney fees is denied.

DATED   April 27th, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge